UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Jesse Howard,                                                                 Case No. 5:14-cv-340-OC-17PRL

    Petitioner,

v.                                                                                              **MEMORANDUM AND ORDER**

Warden, FCC Coleman – USP II,[1]

    Respondent.

---

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  For the following reasons, the Petition is dismissed for lack of jurisdiction.

**BACKGROUND**

In 1994, a federal jury in the Southern District of Florida convicted Petitioner Jesse Howard and seven co-defendants of offenses arising out of a 1993 scheme to rob a shipment of cocaine meant for Colombian drug dealers.  In particular, Howard was convicted of conspiracy to possess with intent to distribute cocaine, knowingly using and carrying a firearm during and in relation to a drug trafficking crime, possession of a firearm by a convicted felon, and possession of unregistered firearms.  United States v. Henry, Crim. No. 93-123 (S.D. Fla.) (Docket No. 237) (Verdict).  Because Howard had a prior felony drug conviction and because of the amount of cocaine involved, Howard

---

[1] At the time he filed the instant Petition, Petitioner was incarcerated at FCC Coleman. He has since been transferred to FCI Cumberland in Cumberland, MD.  (Docket No. 18.)

faced a mandatory minimum sentence of 20 years on the conspiracy count. 21 U.S.C. § 841(b)(1)(A). The trial court ultimately sentenced Howard to 360 months' imprisonment on the conspiracy count, a concurrent 12-month sentence as to the felon-in-possession count, and a consecutive 360-month sentence as to the use-of-firearms count. The Government dismissed the unregistered-firearms count at sentencing. The Eleventh Circuit Court of Appeals affirmed Howard's conviction and sentence. United States v. Walker, 194 F.3d 1322 (11th Cir. 1999) (Henry, Crim. No. 93-123 at Docket No. 398).

Howard then brought a motion to vacate his sentence under 28 U.S.C. § 2255, which the trial court denied. Henry, Crim. No. 93-12 at Docket No. 423. Howard appealed this denial, but the Eleventh Circuit again affirmed. Howard v. United States, 107 F. App'x 183 (11th Cir. 2004). Howard filed a successive § 2255 petition with the district court in 2006, which was again denied, and filed a motion in 2013 with the Eleventh Circuit for permission to file a second or successive petition. That motion was likewise denied. In June 2014, Howard filed the instant Petition under § 2241.

Howard challenges his conviction and sentence on two grounds. First, he argues that the trial court erred in not requiring the jury to find that the gun used was a fully automatic machine gun, in ostensible contravention of Rosemond v. United States, 134 S. Ct. 1240 (2014). He claims that the evidence was insufficient to convict him of knowingly using or carrying a machine gun, or aiding and abetting the knowing use and carrying of a machine gun. Second, Petitioner claims that the trial court, not the jury, determined the amount of drugs for which Petitioner was responsible, in violation of Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013).

**DISCUSSION**

A federal prisoner has two options when pursuing postconviction relief. First, the prisoner may challenge the validity of his conviction or sentence by bringing a motion to vacate the sentencing judgment under 28 U.S.C. § 2255. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Second, the prisoner may challenge the execution of a sentence by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Typically, the exclusive remedy for a collateral attack on the validity of a conviction or sentence is a § 2255 motion, and a prisoner cannot evade § 2255's procedural restrictions by raising that type of claim in a § 2241 petition. Id. at 1351.

The Court cannot treat Howard's Petition as if it was filed under § 2255 because Howard already filed two § 2255 motions. The habeas rules are clear that a second or successive § 2255 motion "shall not be entertained" unless the prisoner first obtains permission from the Court of Appeals for a successive filing or satisfies the savings clause of § 2255. 28 U.S.C. §§ 2255(e), (h); Gilbert v. United States, 640 F.3d 1293, 1305-06 (11th Cir. 2011) (en banc); see also Darby, 405 F.3d at 945 ("When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion."). Howard has not received permission from the Court of Appeals to file a successive § 2255 motion. Thus, this Court may not entertain the Petition unless Howard can establish that § 2255's savings clause applies.

The savings clause permits a court to entertain a federal prisoner's § 2241 habeas petition challenging a conviction or sentence only if the "remedy by § 2255 motion is inadequate or ineffective to test the legality of his detention." Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1334 (11th Cir. 2013) (quoting 28 U.S.C. § 2255(e)). To show inadequacy or ineffectiveness: (1) "the claim must be based upon a retroactively applicable Supreme Court decision," and (2) "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Id. at 1343. If the federal prisoner does not satisfy § 2255's savings clause, the Court lacks jurisdiction to decide his § 2241 petition. Bryant v. Warden, FCC Coleman – Medium, 738 F.3d 1253, 1262-63 (11th Cir. 2013).

The Supreme Court has not made its decision in Rosemond retroactively applicable to cases on collateral review, nor has any court within the Eleventh Circuit determined that it is retroactively applicable. See, e.g., Nesbitt v. Rathman, No. 1:14cv606, 2016 WL 783881, at *3 (N.D. Ala. Jan. 28, 2016) (determining Rosemond does not apply to second or successive habeas petition). But even if Rosemond somehow announced a new rule of constitutional law that can be applied retroactively to Howard's claims, his reliance on the case is unavailing. "The Supreme Court in Rosemond considered what the government must show to convict a defendant of aiding or abetting another person's use or carrying of a firearm during a crime of violence or drug trafficking in violation of 18 U.S.C. § 924(c)." United States v. Persaud, 605 F. App'x 791, 800 (11th Cir. 2015) (citing Rosemond, 134 S. Ct. at 1243). Here, Howard was not

indicted for nor convicted of aiding and abetting another's use or carrying of a firearm. Rather, he was convicted of personally using or carrying a firearm. <u>Howard v. United States</u>, No. 03-13364, slip op. at 9 (11th Cir. 2004). <u>Rosemond</u> simply has no effect on Howard's conviction or sentence.

In addition, the record is clear that the jury did determine that the gun at issue was a machine gun. Thus, even if the prosecutor argued to the trial court that aiding and abetting would suffice to convict Howard of the use-and-carrying count, the jury determined Howard knew the gun was a machine gun, and determined that he was directly liable for using and carrying that machine gun. Howard insists that the trial court did not sufficiently define machine gun as to him, but the jury could certainly make the required factual determination based on its own experience. Howard's arguments in this regard are without merit.

Nor does Howard's challenge to his conviction and sentence under <u>Alleyne</u> suffice to confer jurisdiction over his claims. Although he is correct that the Supreme Court determined in <u>Alleyne</u> that certain facts must be submitted to the jury for decision, 133 S. Ct. at 2155, that decision is not retroactively applicable to cases on collateral review. <u>Jeanty v. Warden</u>, 757 F.3d 1283, 1285-86 (11th Cir. 2014) (holding that Alleyne does not apply retroactively for purposes of § 2255's savings-clause analysis); <u>see also</u> <u>In re Sams</u>, 830 F.3d 1234, 1241-42 (11th Cir. 2016) (finding that habeas petitioner could not use <u>Alleyne</u> to save a second or successive petition because the Supreme Court has not ruled that <u>Alleyne</u> is retroactively applicable to cases on collateral review). Thus,

Howard's claim regarding drug quantity is not cognizable in this successive habeas petition.

**CONCLUSION**

The Court lacks jurisdiction to entertain Howard's Petition.  Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DISMISSED without prejudice**; and

2. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.


Dated:  March 1, 2017                     *s/Paul A. Magnuson*
                                          Paul A. Magnuson
                                          United States District Court Judge